IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALICE GENTRY and WILLIAM GENTRY, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHOP 'N SAVE WAREHOUSE FOODS, ) <br> INC., ) <br> ) <br>     Defendant. ) | No. 09-cv-3101 |

OPINION

RICHARD MILLS, U.S. District Judge:

For the following reasons, Defendant's Motion for Summary Judgment [d/e 29] is granted.

I. BACKGROUND

On the afternoon of December 18, 2008, Plaintiffs Alice and William Gentry entered a Shop 'n Save grocery store in Springfield, Illinois. Mrs. Gentry, who is 84 years old, was not watching where she was stepping. Mrs. Gentry encountered a black floor mat and fell after her right toe caught on the mat.

Jim and Shirley McDonough witnessed Mrs. Gentry's fall. As Mrs. Gentry lay on the ground, several people came to her assistance including Annet Godiksen and the McDonoughs. Neither the McDonoughs nor Ms. Godiksen noticed a buckle or wrinkle in the floor mat before Mrs. Gentry fell, although Mr. McDonough and Ms. Godiksen noticed one after the fall. Neither Mrs. Gentry nor Mrs. McDonough noticed a wrinkle in the floor mat at any point.

Ms. Godiksen noticed after Mrs. Gentry's fall that the mat was crumpled or buckled and was about one to two inches off of the ground in the place where Mrs. Gentry fell.

The assistant store manager, Shirley Hamilton, spoke with Mrs. Gentry immediately after the fall. Ms. Hamilton also spoke with Mr. McDonough and Ms. Godiksen, and prepared a Confidential Customer Incident Report.

The Plaintiffs filed suit in the Circuit Court of Sangamon County, Illinois, and the case was subsequently removed to this Court. Mrs. Gentry brings a negligence claim against the Defendant, while Mr.

Gentry brings a loss of consortium claim.

## II. STANDARDS

"Summary judgment is appropriate when the evidence submitted, viewed in the light most favorable to the non-moving party, shows 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (quoting Fed. R. Civ. P. 56(c) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

In order to survive summary judgment, there must be sufficient evidence that a reasonable jury could find for the nonmoving party. *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

"A motion for summary judgment requires the responding party to come forward with the evidence that it has - it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (internal quotation marks and citations omitted). Although

inferences are drawn in favor of the nonmoving party, inferences relying on speculation or conjecture are insufficient. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).

## III. ANALYSIS

### A. *Erie* Doctrine

The Court has jurisdiction over this case because of diversity of citizenship; the Plaintiffs are citizens of Illinois and the Defendant is a Missouri corporation. *See* 28 U.S.C. § 1332. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, we will apply the substantive law of Illinois and federal procedural law.

### B. Confusion Regarding Claim

There is a decided lack of clarity regarding the Plaintiffs' claim. Initially, it appeared to be a premises liability claim, but the Plaintiffs now argue it is based upon a negligence theory, not premises liability.

The Plaintiffs initially made the following assertions in their Amended Complaint:

> Defendant negligently violated its duty to Plaintiff at said time and place in that Defendant carelessly and negligently failed to maintain its premises in one or more of the following ways:
>
> > a. allowed the floor mat to be flipped and crumpled up in an area of the store where the Defendant knew or should have known that it would pose a danger to its customers; and/or
> >
> > b. failed to smooth out the floor mat or otherwise maintain the entryway in an area of the store where it knew or should have known that defects on a heavily traveled walkway would endanger distracted customers; and/or
> >
> > c. failed to properly and adequately monitor and oversee the grocery store and the floors therein so as to protect its customers from trip hazards at times and places where it should have known its customers would be unable to protect themselves.
>
> Defendant knew or should have known that the floor mat had been crumpled and flipped up, and that the floor mat was thereby rendered dangerous to its customers.

Pls.' Am. Compl. [d/e 12] 2-3 (paragraph numbers omitted).

The excerpt above looks like a premises liability claim. Notice is an essential element of premises liability claims, and the Plaintiffs assert five times that the Defendant was on notice that the mat was buckled. Also, under Illinois premises liability law, an owner or occupier of land has a duty to maintain the land in a reasonably safe condition, and the

Plaintiffs' reference to this duty suggests a premises liability claim. Finally, the excerpt mentions "maintain[ing] the premises."

The Defendant has made strong arguments that it had no notice of any dangerous condition in the Motion for Summary Judgment [d/e 29]. After the Motion for Summary Judgment was filed, the Plaintiffs stated that they were proceeding under a negligence theory, not a premises liability theory, and therefore do not need to show notice. Pls.' Resp. [d/e 30] 9.

At times in the pleadings, there is inconsistent use of terms and the swapping of elements between negligence and premises liability theories. Given the mix-ups, we will examine the case under each theory, in order to eliminate the confusion. The Plaintiffs' claims under premises liability will be examined first, followed by negligence. The Defendants are entitled to summary judgment under both theories.

### C. Premises Liability

The Supreme Court of Illinois has looked to the Restatement (Second) of Torts for the standard of landowner liability.

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> > (c) fails to exercise reasonable care to protect them against the danger."

*Genaust v. Ill. Power Co.*, 62 Ill. 2d 456, 468 (1976) (quoting Restatement (Second) of Torts § 343 (1965)).

This is the general standard for premises liability. The landowner must know of the condition or would have discovered the condition through the exercise of reasonable care.

The Plaintiffs have presented no evidence that the Defendant has received complaints about the floor mat or its location. Mrs. Gentry did not look at the mat as she entered the store. The Plaintiffs have not presented any testimony from any person that the floor mat was flipped or curled before Mrs. Gentry's fall. The Plaintiffs have offered no evidence that the mat had any defects, that someone had tripped on the mat before, or that the mat had previously become buckled due to

wetness or heavy foot traffic.

Therefore, to the extent premises liability has been alleged, the Defendant is entitled to summary judgment. There is no evidence in the record that the Defendant was on actual or constructive notice of an irregular floor mat, as required under *Genaust*.

### D. Negligence

#### 1. Notice Not Always Required

The regime in *Genaust* does not automatically apply in cases where there is evidence defendants were involved in creating the hazard. *See Donoho v. O'Connell's, Inc.*, 13 Ill. 2d 113, 122 (1958). "[A] plaintiff does not need to prove actual or constructive notice when she can show the substance was placed on the premises through the defendant's negligence." *Reed v. Wal-Mart Stores, Inc.*, 298 Ill. App. 3d 712, 715 (4th Dist. 1998).

In their Response [d/e 30], the Plaintiffs assert that it is irrelevant whether the Defendant had notice if the mat was defective or buckled, because the Plaintiffs are only bringing a negligence claim. Specifically,

the Plaintiffs claim that because the Defendant and its agents placed the mat, the Plaintiffs do not need to prove notice. The Plaintiffs state:

> In the instant case, the Defendant admits that it, rather than another customer or third party, placed the floor mat on the floor. This admission makes the notice requirement, common in premises liability cases inapplicable and assigns Defendant a duty of exercising care for the safety of those lawfully on his property.

Pls.'s Resp. [d/e 30] 9.

### 2. Reasonable Use of Ordinary Mats

The Plaintiffs can avoid the notice requirement only if they can establish that the mats were *negligently* placed on the floors by the agents of the Defendant, not merely by showing that they were placed by the agents of the Defendant.

In this case, the Defendant placed mats on a grocery store floor on a wintery day. "[T]he use of ordinary floor mats to assist pedestrians is perfectly reasonable, and the fact that a person trips on one of them is no evidence of negligence." *Robinson v. Sw. Bell Tel. Co.*, 26 Ill. App. 2d 139, 146 (4th Dist. 1960); *see also Johnson v. United States*, No. 98 C 2572, 1999 WL 446694, at *3 (N.D. Ill. June 23, 1999) (applying Illinois law).

Therefore, the remaining question is whether the Defendant used ordinary mats in a reasonable fashion. When the use of mats is not reasonable, a grocery store may be held liable for negligent acts and omissions related to installing and maintaining floor mats. *See Wind v. Hy-Vee Food Stores, Inc.*, 272 Ill. App. 3d 149, 157 (3d Dist. 1995).

However, the facts in *Wind* are markedly different from the those in the case at bar. In *Wind*, the court noted that although the store had a policy of taping down the mats, the mats were not secured with tape on the day of the accident. *Id.* at 156. The court also noted that there was evidence that the mats were poorly maintained and in poor condition when the plaintiff fell. *Id.* Specifically, portions of the rubber mats were torn away and the corners or edges of the mats were curled. *Id.* at 151. In addition, the record indicated that store was on notice of the condition of the mats. *Id.* at 156.

In this case, there is no evidence that the floor mat was defective or in poor repair. It was reasonable to use floor mats on a December day that Mrs. Gentry described as "sleety and snowy and icy and rainy."

Dep. of Alice Gentry, 14 [d/e 30-1]. Therefore, the Defendant's conduct was reasonable under *Robinson*.

### 3. No Specific Showing of Breach

The elements of a negligence action are: duty, breach, causation, and damages. *Jones v. O'Brien Tire and Battery Serv. Ctr., Inc.*, 322 Ill. App. 3d 418, 423 (5th Dist. 2001).

The Plaintiffs should be able to show a breach. *See* Dan B. Dobbs, The Law of Torts § 153, at 369-70 (2000) (the facts alleged "must show precisely what the defendant did or didn't do").

However, the Plaintiffs' allegations of negligence are very generalized. There is no specific act of alleged wrongdoing or unreasonable behavior, leaving it unclear how the Defendant breached their duty.

The Court acknowledges that there are situations where a breach can be inferred circumstantially. However, as demonstrated in the section immediately above (III.D.2. Reasonable Use of Ordinary Mats), a presumption of negligence is not appropriate in this case. *See Robinson*,

26 Ill. App. 2d at 146.  Therefore, the Plaintiffs would need to show some *specific evidence* of negligence.

Illinois cases are informative about what constitutes negligent placement under *Donoho*.  The case with facts closest to those alleged in this case is *Wind*.  As set forth above, the facts and allegations of the instant case are unlike the alleged negligence in *Wind*.

In *Piper v. Moran's Enterprises*, the defendant grocery store stacked merchandise on pallets, and had a policy of pulling more merchandise to the edge of the pallet as the supply became depleted.  121 Ill. App. 3d 644, 646 (5th Dist. 1984).  However, employees had not followed that practice quickly enough on the day of the accident, and products were out of reach.  *Id.* at 647.  The plaintiff stepped onto the pallet to retrieve merchandise, but her foot fell through a hole in the pallet, resulting in a broken ankle.  *Id.*

In *Reed v. Wal-Mart Stores, Inc.*, the plaintiff stepped on a rusty nail protruding from a board located in the middle of an aisle, in the lawn and garden department of a Wal-Mart store.  298 Ill. App. 3d 712, 713

(4th Dist. 1998). The court assumed that the board and nail came from a Wal-Mart pallet, and that it was dropped there by a Wal-Mart employee. *Id.* at 717. Dropping a board with a rusty nail in an aisle way and allowing it to remain is reasonably construed as negligent.

The facts of *Wind, Piper,* and *Reed* show the sort of specific conduct by defendants that rises to the level of negligence under *Donoho*. For a claim to be meritorious, a plaintiff must be able to "show the substance was placed on the premises through the defendant's negligence." *Reed*, 298 Ill. App. 3d at 716. As established in *Robinson*, the use of ordinary floor mats is reasonable. Therefore, without evidence of negligence, a plaintiff cannot prevail by merely showing that she tripped on the mat.

The Plaintiffs have generically alleged that the mats were negligently placed and maintained. However, they have not elaborated on this conclusory allegation. There is insufficient evidence that a duty was breached.

### 4. Insufficient Evidence of Causation

The Plaintiffs cannot show causation. The whole of the Plaintiffs' evidence is that Mrs. Gentry tripped after she felt her toe catch on a floor mat, and that some people noticed a ripple in the mat after the fall occurred.

The Plaintiffs lack evidence of the cause-in-fact of the fall. Mrs. Gentry was not watching where she was stepping, and does not know if she tripped over a ripple in the mat or if the mat was perfectly flat when she fell. As the Defendant has pointed out, the bulge could have been caused by her fall.

Furthermore, even if she tripped over a ripple, there is no evidence that the putative ripple was related to any negligence of the Defendant.

The courts of Illinois have encountered this situation before. In *Brett v. Woolworth*, a 71-year-old woman's foot became caught on a rug, causing her to fall. 8 Ill. App. 3d 334, 336 (1st Dist. 1972). She did not see what caused her fall, no one saw the accident, and she fell near a defect in the rug. *Id.* The court rejected her argument that the defect caused her fall as a "conclusion which is unsupported by any evidence."

*Id.* at 337. The court reasoned that "[t]he evidence that her body, after the fall, was in close proximity to the [defect] is too ambiguous an inference upon which to predicate a causal connection." *Id.*

The court stated the following:

> 'Proof of a mere possibility is not sufficient. A theory can not be said to be established by circumstantial evidence, unless the facts are of such a nature and so related, as to make it the only conclusion that could reasonably be drawn. It can not be said one fact can be inferred, when the existence of another inconsistent fact can be drawn with equal certainty.'

*Id.* (quoting *Celner v. Prather*, 301 Ill. App. 224, 227 (2d Dist. 1939)).

In *Brett*, the court concluded the opinion as follows:

> [I]t is possible for someone to trip over almost anything, no matter how common its use. In the case before us the plaintiff is a woman of advancing age, and under the circumstances of this case, to assign one theory over another as the cause of her falling would be sheer speculation.

*Brett*, 8 Ill. App. 3d at 337.

The Plaintiffs' causation arguments are without merit. The Plaintiffs have relied heavily upon factual assertions which have been subsequently stricken from their Response. *See* Order of Feb. 8, 2010 [d/e 34].[1] The Court has stated that these factual assertions will not be

---

[1] The Plaintiffs did not oppose the Defendant's Motion to Strike.

considered in evaluating the Defendant's Motion for Summary Judgment. *See id.*, at 3.

Also, the Plaintiffs cite to Illinois case law establishing the state summary judgment standard for trip and fall cases in retail establishments. Under *Erie*, the Court ignores state procedural rulings, including summary judgment standards. Therefore, the Plaintiffs cannot establish causation.

### E. Open and Obvious

The Defendant alternatively argues that liability does not attach because the danger was open and obvious. However, as the Defendant is entitled to summary judgment, the Court need not analyze this alternative argument.[2]

## IV. CONCLUSION

Ergo, the Defendant's Motion for Summary Judgment [d/e 29] is ALLOWED. Judgment is hereby entered in favor of the Defendant and

---

[2] The Court notes, however, that the defense would only work against a premises liability claim, and not against a negligent placement claim. *Wind*, 272 Ill. App. 3d at 156-57.

against the Plaintiffs.

IT IS SO ORDERED.

ENTER: April 6, 2010

FOR THE COURT:

                                                s/Richard Mills
                                                United States District Judge